UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Augustine Osita Igwe,

    Plaintiff,

Case No. 22-10075

v.

Michigan Department of Health & Human Services, Elizabeth Hertel, Oakland County Friend of the Court, and Suzanne Hollyer,

Judith E. Levy

United States District Judge

Mag. Judge Anthony P. Patti

    Defendants.

_____/

# ORDER

Before the Court is Plaintiff Augustine Osita Igwe's *ex parte* emergency motion for a temporary restraining order ("TRO") and a preliminary injunction. (ECF No. 3). Specifically, Plaintiff seeks an order that Defendants "retract the erroneous certification of a child support arrearage in excess of $2,500.00 and notify both the U.S. Department of Health and Human Services and the U.S. Department of State, that [his]

passport is not subject to restriction under 42 U.S.C. Sec. 652(k)(1)." (*id.*, PageID.22.) In compliance with the Court's order (ECF No. 4), Plaintiff submitted a declaration addressing why notice should not be required (ECF No. 5) and evidence of his efforts to provide notice to Defendants (ECF No. 5-1).

Federal Rule of Civil Procedure 65 allows courts to issue an *ex parte* temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate *and* irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). "An *ex parte* TRO is only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012); *Hartman v. Acton*, No. 2:20-CV-1952, 2020 WL 1932896, at *5 (S.D. Ohio Apr. 21, 2020) (denying temporary restraining order where plaintiffs did not show the harm of waiting for a preliminary injunction hearing); *see also Breathe v. City of Detroit*, 484 F. Supp. 3d 511, 515 (E.D. Mich. 2020) (*ex parte* TRO is only appropriate where specific facts clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition).

In this case, Plaintiff alleges a violation of his constitutional "right to travel." *See, e.g.*, *Califano v. Aznavorian*, 439 U.S. 170, 175–76 (1978) (discussing case law recognizing the constitutional right to international travel). "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Michigan State A. Philip Randolph Inst. v. Johnson*, 209 F. Supp. 3d 935, 954 (E.D. Mich. 2016) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)).

However, Plaintiff does not address what additional losses he will suffer if the Court provides Defendants the opportunity to respond. Plaintiff states that he has been "deprived of the right to visit family members, (including a family member who has been diagnosed with cancer), attend to any business, accompany, and transport my child to Canada to pursue a musical career, or otherwise have the freedom to travel outside of the United States border." (ECF No. 5, PageID.119.) Plaintiff does not explain how he will be further injured by waiting for a preliminary injunction hearing.

3

Accordingly, the motion for an *ex parte* temporary restraining order is DENIED. The Court will set a briefing schedule for Plaintiff's motion for a preliminary injunction after all Defendants are served and counsel have filed their appearances.

IT IS SO ORDERED.

Dated: January 18, 2022       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2022.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager